**Nicole YUTESLER, Plaintiff,**

v.

**SEARS ROEBUCK AND CO., being sued as Sears Roebuck & Co.; Trans Union LLC; and Experian Information Solutions, Inc., Defendants.**

**No. Civ. 03–17(DWFSRN).**

United States District Court, D. Minnesota.

May 14, 2003.

Thomas J. Lyons, Jr., and Thomas J. Lyons, Lyons & Associates, Little Canada, MN, for Plaintiff.

Ricardo Figueroa, Murnane Conlin White & Brandt, St. Paul, MN, and Felicia Yu, and Abraham J. Colman, Buchalter Nemer Fields & Younger, Los Angeles, CA, for Defendant Sears Roebuck and Co.

Michael T. Browne, Meagher & Geer, Minneapolis, MN, and G. John Cento, and

---

**20.** The court's award of costs and expenses as part of Baker's fee application renders moot Baker's Bill of Costs (Doc. No. 124).

James A. Geiger, Katz & Korin, Indianapolis, IN, for Defendant Trans Union LLC.

William A. Gengler, and Gregory J. Myers, Lockridge Grindal Nauen, Minneapolis, MN, and Angela M. Taylor, Jones Day, Irvine, CA, for Defendant Experian Information Solutions, Inc.

## MEMORANDUM OPINION AND ORDER

FRANK, District Judge.

### Introduction

The above-entitled matter came on for hearing before the undersigned United States District Judge on May 9, 2003, pursuant to Defendant Sears Roebuck and Co.'s motion to dismiss Plaintiff Nicole Yutesler's state law claim for defamation of credit. For the reasons set forth below, Defendant's motion is denied.

### Background

According to the Complaint, on approximately June 14, 2002, Chase Bankcard Services, Inc., sent a letter to Plaintiff Nicole Yutesler, notifying her that an account had been opened in her name, and that if she had not opened it, she should contact Chase. Because Yutesler had not opened such an account herself, she contacted Chase, some major reporting agencies, and the police to alert them of the problem. After receiving a copy of her credit report and noting that a Sears credit card, among other accounts, had been opened in her name, Yutesler notified Sears Fraud Investigations that she had been a victim of identity theft. At Sears' request, Yutesler provided the company with a copy of her driver's license and social security card. In addition, at the police's suggestion, Yutesler sent an affidavit of forgery to Sears.

Yutesler also hired an attorney to help remedy the errors on her credit report. Yutesler's attorney mailed a dispute letter to credit reporting agencies, dated July 19, 2002, detailing all of the information that Plaintiff asserted to be inaccurate on her credit report, including the Sears account. Soon after this letter was sent, Defendant Experian Information Solutions, Inc., deleted 26 out of the 27 disputed items on Yutesler's credit report. The one remaining item was the disputed Sears account. As to that item, Experian reported, "Status: card lost or stolen. . . . Creditor's statement *'Credit card lost or stolen.'* " Yutesler asserts that "such an outcome regarding Defendant Sears is either gross negligence or willful disregard given the extensive [sic] included in the dispute letter." Complaint at ¶ 60.

In September 2002, Sears notified Yutesler that an investigation was in progress as to Plaintiff's claims. Later, in November 2002, Sears rejected Yutesler's settlement offer regarding Sears' treatment of the account and claimed that it had, at least twice, informed the credit bureaus to delete the Sears account from Yutesler's credit profile.

Based upon this sequence of events, Yutesler asserts two specific claims against Sears: first, a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s–2(b) ("FCRA"); and second, a state common law claim for defamation of credit. In this motion, Sears asserts that Yutesler's state law claim is preempted by FCRA and thus should be dismissed.

### Discussion

The FCRA sets out the responsibilities for those who furnish information to consumer reporting agencies in 15 U.S.C. § 1681s–2. Under that section, those who furnish information to consumer reporting agencies have two obligations: (1) the duty to provide accurate information; and (2) the duty to undertake an investigation upon receipt of a notice of dispute regarding credit information that is furnished. *See* 15 U.S.C. § 1681s–2 (a-b). The duties

imposed by Section 1681s–2(a) are not subject to private rights of action by virtue of 15 U.S.C. § 1681s–2(d). However, Section 1681s–2(d) does not speak to private actions brought for violations of Section 1681s–2(b).

Based upon the interplay between 1681s–2 and other portions of the FCRA, Sears asserts that the FCRA prohibits states from regulating any subject matter which is regulated under Section 1681s–2, whether it be by state common law or by state statute or regulation. Specifically, Sears points to Section 1681t of the FCRA, which states as follows:

> Except as provided in subsections (b) and (c) of this section, this subchapter does not annul, alter, affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to the collection, distribution, or use of any information on consumers, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of this inconsistency.

15 U.S.C. § 1681t(a). Further, Section 1681t provides:

> No requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under . . . section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . .

15 U.S.C. § 1681t(b)(1)(F).

Read alone, these sections would appear to preclude Yutesler's common law claim against Sears. Specifically, Yutesler's defamation of credit claim is based upon Sears' alleged inaccurate reporting of Yutesler's credit information, which is encompassed by Section 1681s–2(a). Violations of Section 1681s–2(a) are not subject to private rights of action, pursuant to Section 1681s–2(d). Thus, because the state common law claim would be inconsistent with Section 1681s–2(d)'s prohibition on private causes of action, Sears argues that Yutesler's defamation claim is prohibited by virtue of Section 1681t. Yutesler asserts, however, that if Section 1681t is read with Section 1681h(e) of the FCRA, such a conclusion is improper. Section 1681h(e) states as follows:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding *in the nature of defamation*, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information against whom the user has taken adverse action, based in whole or in part on the report *except as to false information furnished with malice or willful intent to injure such consumer.*

(*Emphasis supplied.*)

Thus, it is the interplay of Sections 1681t and 1681h(e) of the FCRA that is at issue in this motion. Yutesler argues that Sections 1681t and 1681h(e) can be reconciled because Section 1681t(b)(1)(F) only preempts actions based upon state statutes or regulations, not state common law actions. Under Yutesler's reading of these sections, Section 1681h(e) applies to allow private causes of action based upon state common law, so long as these actions are based upon malice or willful intent to injure the consumer. Sears asserts, however, that all statutory and common law claims are preempted by Section 1681t, and that such a reading of the statute does not render 1681h(e) superfluous. Specifically, based upon other jurisdictions' reading of the interplay of these two sections of

the FCRA, Sears asserts that Section 1681t applies to claims arising after a furnisher receives notice of a dispute from a consumer, while Section 1681h(e) applies to claims that arise during the period of time before the furnisher first receives notice of a dispute regarding the information furnished to a credit agency. *See* Defendant Sears Roebuck & Co.'s Reply Brief in Support of Motion to Dismiss at 15–16 (*citing Vazquez–Garcia v. Trans Union De Puerto Rico,* 222 F.Supp.2d 150, 161–62 (D.P.R.2002); *Aklagi v. Nationscredit Fin.,* 196 F.Supp.2d 1186, 1193–94 (D.Kan.2002)).

Without addressing Yutesler's assertions as to the statutory versus common-law application of Section 1681t, the Court finds that Yutesler's common law claim for defamation of credit is not preempted by the FCRA. First, the Court does not find the Defendant's reading of the statute persuasive. Despite being supported by two other jurisdictions' case law, the Court finds nothing in the FCRA to support such a reading. Second, the Court finds that 1681h(e) allows for common law claims that are based on allegations that rise to the level of malice or willful intent to injure the consumer. The Eighth Circuit has stated that this "malice" or "willful intent" standard may be equated to the *New York Times v. Sullivan* standard that a statement be made with "knowledge that it was false or with reckless disregard of whether it was false or not." *See Thornton v. Equifax, Inc.,* 619 F.2d 700, 703 (8th Cir.1980) (*quoting New York Times Co. v. Sullivan,* 376 U.S. 254, 279–80, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964)).

Here, Yutesler has asserted that Sears' actions were "either gross negligence or willful disregard given the extensive [sic] included in the dispute letter." While the Court may question the ultimate viability of such claims, given the allegations in the Complaint, Yutesler's allegation of "willful

disregard" on the part of Sears is enough to bring Yutesler's state law claim for defamation of credit within the realm of 1681h(e). *See Thornton v. Equifax, Inc.,* 619 F.2d at 703. Thus, Sears motion to dismiss this common law claim is denied.

Based on the foregoing, and all of the files, records and proceedings herein, **IT IS ORDERED THAT:**

1. Defendant Sears Roebuck & Co.'s Motion to Dismiss (Doc. No. 13) is **DENIED.**