**Gary CISNEROS, Plaintiff,**

v.

**TRANS UNION, LLC; et al., Defendants.**

**No. CIV.03–00200–SPK–LEK.**

United States District Court, D. Hawai'i.

Nov. 17, 2003.

David Szwak, Bodenheimer Jones Swak & Winchell, LLP, Shreveport, LA, and Mark Clement, Honolulu, HI, for Plaintiff, Gary Cisneros.

Jess H. Griffiths,. Godbey Griffiths Reiss, Honolulu, HI, Brad Miller, for defendant, Equifax Information Services, LLC.

Deborah Wright, Keith D. Kirschbraun, Wright & Kirschbraun, Wailuku, Maui, HI, for Experian Information Solutions, Inc.

Warren Price, III, John D. Zalewski, Price Okamoto Himeno & Lum, Honolulu, HI, Donald E. Bradley, Theresa Lopez, Crowell & Moring, LLP, Irvine, CA, for Trans Union, LLC.

Linda K. Farm, M. Elizabeth Raxter, Goodsill Anderson Quinn & Stifel LLLP, Honolulu, HI, for Ford Motor Credit Corp, Missan Motor Acceptance Corp., and Verizon Wireless.

Edward Kubo, Jr., and R. Michael Burke, Honolulu, HI, for United States Dept. of Defense, Army and Air Force Exchange.

Richard C. Sutton, Jr., Reginauld T. Harris, Rush Moore Craven Sutton Morry & Beh, LLP, Honolulu, HI, Patricia Nolan, Thompson & Knight, Dallas, TX, for Target Corp. f/k/a Retailers National Bank and Dayton Hudson Corp.

Jorge Castillo, Denver, CO, Carl M. Varady, Honolulu, HI, for Western Funding, Inc.

David Minkin, McCorriston Miller Mukai MacKinnon LLP, Honolulu, HI, for United Resource Funding.

Denis Lee, Esq., and Wesley Sakai, Esq., for Providian National Bank.

Wayne Sakai, Michiro Iwanaga, Burke Sakai McPheeters Bordner, Iwanga & Estes, Honolulu, HI, for NCO Financial Systems.

John Manaut, Carlsmith Ball LLP, Honolulu, HI, for Fleet Credit Card Services.

James Estes, Jr., Burke Sakai McPheeters Bordner Iwanga & Estesm Honolulu, HI, for Central Carolina Bank & Trust.

Paul Hoshino, Honolulu, HI, for Credit Bureau of the Pacific.

Steven Hisaka, Mitzi A Lee, Hisaka Stone Goto Yoshida Cosgrove & Ching, Honolulu, HI, James A. Murphy, Harris L. Kay, LeClair Ryan A Professional Corp., Richmond, VA, for Capital One Bank.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS COMPLAINT

SAMUEL P. KING, District Judge.

### I. *INTRODUCTION.*

Plaintiff Gary Cisneros ("Plaintiff") brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1684, et seq., asserting both federal question and diversity jurisdiction under 28 U.S.C. § 1332, and includes state law claims under supplemental jurisdiction, 28 U.S.C. § 1367. Plaintiff alleges that the various Defendants [1] were responsible for including or not correcting erroneous information or failing to conduct proper investigations regarding disputes on his credit reports. Plaintiff alleges the following causes of action: negligence in the reporting and collection of the disputed accounts, each subsequent reporting and re-reporting, and the handling and reinvestigation of data (Count I); defamation by publishing and disseminating false statements about Plaintiff and damaging his reputation with willful intent to injure (Count II); violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s–2(b) [2] by fail-

---

**1.** The list of Defendants include: Trans Union LLC; Credit Bureau of the Pacific, Inc.; Equifax Information Services, LLC; Experian Information solutions, Inc.; Airtouch Cellular aka Cellco Partnership, both doing business as Verizon Wireless; Fleet Credit card services, a wholly owned subsidiary of Fleet Boston Financial Corporation; United Resource Systems; Western Funding, Inc.; Department of Defense, Army & Air Force Exchange; Capital One Bank aka Capital One Financial Corporation; Dayton Hudson Corporation;

Retailers National Bank; NCO Financial Systems, Inc.; Central Carolina Bank & Trust Co., National Association aka CCB Financial Corp., wholly owned subsidiary of National Commerce Financial Corporation; Nissan Motor Acceptance Corporation; Ford Motor Credit Corporation; Providian Financial Corporation aka Providian Bancorp aka Providian Bank.

**2.** As to Defendants Furnishers–Subscribers [creditor and collector].

ing to respond to reinvestigation requests and failing to supply accurate information (Count III); violation of the FCRA, 15 U.S.C. § 1681e[b] [3] by failing to adopt and follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer credit (Count IV); violation of the FCRA, 15 U.S.C. §§ 1681i[a][5][B][ii], [iii] [4] by re-inserting false information into Plaintiff's consumer reports after having removed the information previously (Count V); violation of the FCRA § 1681i[a] [5] for failing to properly reinvestigate Plaintiff's disputes (Count VI); violation by Defendant NCO of state debt collection practices (Count VII); violation by Defendant NCO of Federal Fair Debt Collection Practices Act (Count VIII).

Defendants Capital One Bank ("Capital One") and Providian Financial Corporation ("Providian") filed separate motions to dismiss complaint as to Counts I, II and III. Fed. R. Civ. Proc. 12(b). Defendant Trans Union, LLC ("Trans Union") filed a joinder and supplemental memorandum with Capital One and Providian's motions to dismiss as to Counts I and II. Defendant Credit Bureau of the Pacific (CBOP) filed a joinder with Providian's motion to dismiss without a supplemental memorandum.[6] These Defendants seek dismissal of the complaint based on the following arguments: that there is no private cause of action in this jurisdiction; that the state law claims are preempted by the FCRA; and that the complaint fails to state cognizable claims under Fed. R. Civ. Proc. 12(b)(6). For the purposes of this Order,

the Court incorporates the arguments by both movant Defendants.

These matters came on for hearing on November 7, 2003 at 10 a.m. Harris Kay, admitted pro hac vice, appeared on behalf of Defendant Capital One. Denis Lee appeared on behalf of Defendant Providian. John Zalewski appeared on behalf of Defendant Trans Union. No appearance was made on behalf of Defendant CBOP. David Szwak, admitted pro hac vice, appeared on behalf of Plaintiff.

## II. BACKGROUND FACTS

Plaintiff became a resident of Hawaii in March, 2001, when he was transferred by the United States Marine Corps. Beginning in April or May, 2001, Plaintiff began the series of correspondence with various credit reporting agencies disputing items on his credit reports which is the subject of this lawsuit.

In April 2001, Plaintiff sent Defendants Equifax and CBOP a communication disputing alleged errors on credit reports prepared by these Defendants including two reportings by Defendant Providian.

On or about June 12, 2001, Defendant Trans Union responded to Plaintiff's dispute regarding allegedly erroneous credit items and stated that Defendant Capital One verified the information. On our about August 31, 2001, Defendants Equifax and CBOP issued a credit report which included allegedly false information reported by Defendant Capital One. On or about September 20, 2001, Defendant Trans Un-

---

**3.** As to Defendants Consumer Reporting Agencies.

**4.** As to Defendant Trans Union.

**5.** As to Defendants Consumer Reporting Agencies.

**6.** All remaining Defendants, except Department of Defense and Retailers National Bank,

filed statements of no position to both Capital One and Providian's motions to dismiss complaint. Defendant CBOP failed to specify which portion of Providian's motion it joins. Because Count III only applies to furnishers of credit information, the Court will assume that CBOP joins only in the motion to dismiss Counts I and II.

ion provided Plaintiff with a post-reinvestigation report and stated that defendant Capital One verified the disputed account information.

On or about October 1, 2001, Experian prepared a credit report which included allegedly false credit information from Defendant Capital One. On or about October 8, 2001, Equifax and CBOP provided Plaintiff with a post-reinvestigation credit report which stated that Defendant Capital One verified the disputed information. On or about October 10, 2001, Equifax and CBOP provided Plaintiff with a post-reinvestigation report and on October 12, 2001, Trans Union provided Plaintiff with the same, both stating that Defendant Capital One verified the disputed reporting. On or about October 30, 2001, Defendant Experian wrote Plaintiff that Experian was unable to verify the contested reporting from Defendant Capital One.

On November 13, 2001, Equifax and CBOP and on November 15, 2001, Trans Union provided post-reinvestigation reports to Plaintiff stating that Capital One had verified the disputed information. On December 5, 2001, Equifax and CBOP and on December 19, 2001, Trans Union provided post-reinvestigation reports to Plaintiff stating that Capital One had verified the disputed information. On or about December 28, 2001, Equifax and CBOP prepared a post-reinvestigation report, this time stating that Defendant Capital One verified the information but also showing a deletion of prior pay history.

Plaintiff further states that several credit reporting agencies continued to note the disputed Capital One information on the reports.

On or about May 7, 2002, Defendant Trans Union, in response to a dispute, provided Plaintiff with a post-reinvestigation credit report which noted that it deleted reportings by Defendant Providian and

that Defendant Capital One verified the disputed information.

On or about May 10, 2002, Defendants Equifax and CBOP provided Plaintiff with a post-reinvestigation credit report and noted that it deleted one of Defendant Providian's reportings and that Defendant Providian verified the information regarding the other Providian reporting.

Plaintiff alleges that Defendants Providian, Trans Union and Capital One continued to furnish and publish allegedly false information to the credit reporting agencies and did so recklessly, maliciously, and/or intentionally. Defendant Capital One filed a Motion to Dismiss Complaint, arguing that Plaintiff's FCRA allegations fail to identify any information provided by Capital One that was erroneous and that the state law claims are preempted by the FCRA. Therefore, Defendant Capital One maintains that Plaintiff fails to state viable claims under any of the theories alleged. Fed.R.Civ.P. 12(b)(6).

Defendant Providian makes the same arguments regarding Plaintiff's complaint and requests dismissal as well. Defendant Trans Union filed a joinder in Defendant Providian's motion only as to the argument that the FCRA preempts the state law claims of negligence and defamation.

## III. STANDARD OF REVIEW

■ Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law, *see Neitzke v. Williams*, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). If as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, under Rule 12(b)(6) a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. *See id.* at 327, 109 S.Ct. 1827. Dismissal may be based on the lack of a

cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir.1988).

■ A complaint may not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim which would entitle [the plaintiff] to relief." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir.1987) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). A court must accept all material allegations in the complaint as true, and must construe the complaint, and resolve all doubts, in the light most favorable to the plaintiff. *See McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir.1988); *Usher*, 828 F.2d at 556. Conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim, *see McGlinchy*, 845 F.2d at 810, and a court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged, *see Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir.1994). Review is limited to the contents of the complaint, *see id.*, including any attached exhibits, *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995). The Court declines to consider any materials submitted outside of the pleadings. Fed.R.Civ.P. 12(b).

## IV. DISCUSSION

Defendants Capital One and Providian assert the same arguments in support of their Motions to Dismiss. Defendants Trans Union and CBOP join in Capital One and Providian's arguments regarding preemption of the state common law claims of negligence and defamation (Counts I and II).

### A. FCRA Claims

■ Defendants Capital One and Providian first argue that Plaintiff's FCRA claims must fail because the statute does not provide a private right of action against furnishers of credit.[7] Defendants argue that the private cause of action for consumers under the FCRA extends only to instances when furnishers of credit information fail to conduct a reasonable reinvestigation once disputed information was brought to their attention. 15 U.S.C. § 1681s–2(b).

Plaintiff alleges in his complaint that these Defendants furnished inaccurate information to credit reporting agencies. Complaint ¶¶ 220, 310. However, Defendants Capital One and Providian counter that § 1681s–2(b) only creates a cause of action against creditors when they fail to follow the reinvestigation procedures as outlined in § 1681s–2(b), and not when they furnish allegedly inaccurate information. Therefore, Capital One and Providian request dismissal based on there being no private cause of action against these Defendants for allegedly furnishing inaccurate information to the credit reporting agencies.

Plaintiff states that Defendants Capital One and Providian failed to acknowledge his disputes and failed to respond to requests to reinvestigate the credit information as required under 15 U.S.C. § 1681s–2(b). Complaint ¶¶ 223, 315. Capital One and Providian argue that this claim should be dismissed because Plaintiff does not specify whether these Defendants were "willful" or "negligent" in their conduct and does not state a viable claim under

---

**7.** Defendants Capital One and Providian do not contest that they fall within the definition of "furnishers of credit information." *See* 15 U.S.C. § 1681e(d)(1)(A).

either theory. While Plaintiff alleged that Capital One and Providian issued statements to credit reporting agencies that contained "erroneous, inaccurate, and false information about the Plaintiff," he does not describe or provide notice of why or how the information was inaccurate. Additionally, Capital One and Providian argue that Plaintiff failed to allege how their reinvestigation procedures violated FCRA, but merely that they "failed to conduct a reasonable or timely reinvestigation of the contested reportings." Defendants Capital One and Providian assert that these conclusory statements are insufficient to maintain a claim under FCRA.

The FCRA imposes civil liability on any person who willfully or negligently fails to comply with any of the Act's requirements with respect to any consumer. 15 U.S.C. § 1681n (willful noncompliance), § 1681o (negligent noncompliance). As it relates to furnishers of information to consumer reporting agencies, the FCRA sets forth two general requirements: the duty to provide accurate information, 15 U.S.C. § 1681s–2(a), and the duty to investigate the accuracy of reported information upon receiving notice of a dispute, § 1681s–2(b). The Act expressly provides that § 1681s–2(a), the duty to provide accurate information, "shall be enforced exclusively under § 1681s of this title by the Federal agencies and officials and the State officials identified in that section." 15 U.S.C. § 1681s–2(d). Furthermore, the willful and negligent noncompliance sections, §§ 1681n & 1681o, do not apply to any failure to comply under § 1681s–2(a).

However, the FCRA does not limit liability on furnishers of information from potential liability under § 1681s–2(b). Therefore, Plaintiff is not precluded from maintaining a private cause of action against Defendants as furnishers of information for willful or negligent noncompliance with § 1681s–2(b). In *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir.2002), the Ninth Circuit specifically held that a consumer does have a private right of action against furnishers of credit information under §§ 1681n, 1681o, and 1681s–2(b) of the FCRA.[8]

Thus, Defendants are correct in arguing that Plaintiff cannot maintain a claim under § 1681s–2(a), for failing to provide accurate information, as this lies within the province of the federal and state agencies to pursue. However, the FCRA allows the consumer to hold the furnishers of information to their duty to adequately investigate disputed information once notified of the dispute by the credit reporting agency. 15 U.S.C. § 1681s–2(b). Therefore, the portions of Count III, alleging that Defendants Capital One and Providian furnished inaccurate information are dismissed. However, Plaintiff's allegations that Defendants violated § 1681s–2(b) by failing to properly reinvestigate the disputed information may still be maintained.

■ Having established that a private cause of action exists for consumers against furnishers of credit information for failing to follow proper reinvestigation procedures, under § 1681s–2(b), Defendants next argue that Plaintiff failed to state sufficient facts to support this claim. Defendants state that while Plaintiff alleges that the Defendants "failed to conduct a reasonable or timely reinvestigation of the contested reportings," he did not allege any facts to support this claim. Defendants argue that Plaintiff merely parrots the statutory language but does not pro-

---

8. *See e.g. Yutesler v. Sears Roebuck & Co.*, 263 F.Supp.2d 1209 (D.Minn.2003); *Vazquez–Garcia v. Trans Union De Puerto Rico*, 222 F.Supp.2d 150, 155 (D.Puerto Rico 2002); *Hawthorne v. Citicorp Data Systems, Inc.*, 216 F.Supp.2d 45 (E.D.N.Y.2002).

vide facts that explain why the reinvestigations were inadequate.[9]

Reading the complaint in the light most favorable to Plaintiff, the court does not find beyond doubt that the plaintiff can prove no set of facts in support of the FCRA claim regarding alleged violations of the reinvestigation procedures. Although vague, Plaintiff's complaint does provide a chronology of correspondence between Plaintiff and these Defendants. The Court finds that as to Count III, Plaintiff's complaint sets forth a "short and plain statement of the claim showing that the pleader is entitled to relief" sufficient to put these Defendants on notice of the claim. Fed.R.Civ.P. 8(a)(2). Therefore, as to Count III, FCRA § 1681s–2(b), Defendants Capital One and Providian's motions to dismiss is DENIED insofar as Plaintiff may maintain his causes of action regarding Defendants' duties upon notice of dispute.

### B. Common Law Causes of Action

Capital One and Providian next argue that the FCRA preempts all state law causes of action involving conduct governed by the Act including the negligence and defamation claims. 15 U.S.C. §§ 1681t(b)(F) & 1681h(e). The FCRA includes two preemption sections, one general and one more specific. A general preemption section was added with Congress' 1996 amendments to the FCRA at § 1681t(b)(1)(F):

> (b) General exceptions. No requirement or prohibition may be imposed under the laws of any State—
>
> (1) with respect to any subject matter regulated under -
>
> (F) section 623 [15 U.S.C. § 1681s–2], relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . .

The original and more specific preemption provision at § 1681h(e) states in relevant part:

> [N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency . . . based on information disclosed by a user of a consumer report to or for a consumer against whom the use has taken adverse action . . . except as to false information furnished with malice or willful intent to injure such consumer. 15 U.S.C. § 1681h(e).

██ Defendants argue that the general provision completely preempts all state law claims. When a specific statute carves out an exception to a general statute, the "specific statute will not be controlled or nullified by [the] general one, regardless of the priority of enactment." *Morton v. Mancari*, 417 U.S. 535, 550–51, 94 S.Ct. 2474, 41 L.Ed.2d 290 (1974) (emphasis added) (citations omitted). Therefore, the Court applies the more specific statute, § 1681h(e) in determining whether the state common law claims are preempted. Defendants Capital One and Providian also argue that the negligence and defamation claims should be dismissed because Plaintiff failed to state sufficient facts and falls short of the pleading requirements.

#### 1. Negligence

██ In his complaint, Plaintiff alleges that Defendants "failed to exercise reasonable care and prudence in the reporting and collection of the disputed accounts,

---

**9.** At oral argument, Providian argued that there were no inaccurate or derogatory statements in the credit reports provided by Plaintiff and therefore Providian should be dismissed entirely from the suit. As stated above, the Court will not consider any papers outside of the pleadings at this stage of the action.

each subsequent reporting and re-reporting, the handling and reinvestigation of data about plaintiff, ..." Complaint ¶ 325.

### a. *Defendants Providian and Capital One*

In interpreting 15 U.S.C. § 1681h(e) in conjunction with Plaintiff's negligence cause of action, Plaintiff cannot maintain a negligence cause of action because it is premised on allegations that the information provided by Defendants to the credit reporting agencies was inaccurate.

As discussed above, conduct that falls within § 1681s–2(a)(1)(A)–(B) [10] shall be enforced exclusively by Federal agencies and officials and State officials, and not by consumers. However, § 1681h(e) bars consumer negligence claims against furnishers of information except as to "false information furnished with malice or willful intent to injure each consumer." Plaintiff argued that § 1681s–2(a) only bars suit by a consumer for inaccuracies in reporting prior to being notified of a dispute. The Court does not find any provision within § 1681s–2(a) that distinguishes liability depending on when the furnisher of information is notified of a dispute.

Thus, Plaintiff's negligence claims against these Defendants for failing to report accurate information can only be brought by government agencies and officials in accordance with § 1681s–2(a) and his negligence allegations for all other conduct, including reinvestigation procedures, are therefore barred by § 1681h(e). Defendants Providian and Capital One's motions to dismiss Count I is GRANTED.

### b. *Defendants Trans Union and CBOP*

■ Defendant Trans Union and CBOP, both consumer reporting agencies under 15 U.S.C. § 1681a, filed joinders with Capital One and Providian's Motions to Dismiss.[11] Defendant Trans Union argues that § 1681h(e) operates to preempt Plaintiff's negligence claim as well. However, Defendants Trans Union and CBOP have different obligations under the FCRA, and are not afforded the same exemptions from liability as are furnishers of credit information. In Count IV, Plaintiff alleges that Defendants consumer reporting agencies violated § 1681e(b) by failing to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). In Counts V & VI, Plaintiff alleges that the consumer reporting agencies violated statutes governing procedures in cases of disputed accuracy. 15 U.S.C. § 1681i et seq.

■ Unlike § 1681s–2(a), which bars consumers from bringing suit against furnishers of credit for allegedly providing inaccurate or false information, § 1681e(b) allows consumers to bring claims against consumer reporting agencies for inaccurate reporting. *See Guimond v. Trans Union Credit Information Company,* 45 F.3d 1329, 1332 (9th Cir.1995). Therefore, under § 1681h(e), the negligence claims against Trans Union and CBOP would be preempted unless Plaintiff alleges that Trans Union and CBOP furnished false information with malice or willful intent to injure Plaintiff. Plaintiff failed to allege this intent in his complaint and therefore,

---

10. Prohibiting furnishers of information to credit reporting agencies from reporting information with actual knowledge of errors or after notice and confirmation of errors.

11. Defendant Trans Union filed a supplemental memorandum of law with its joinder, specifying that it seeks dismissal as to Counts I & II only. CBOP did not file a separate memorandum of law. Because Count III refers only to furnishers of credit information, the Court will interpret CBOP's joinder only as to Counts I & II.

Defendants Trans Union and CBOP's motion to dismiss complaint as to Count I is GRANTED. If Plaintiff is able to plead the requisite intent, he is granted 30 days from the date of filing leave to amend Count I as to Trans Union and CBOP in accordance with this order.

### 2. Defamation

■ Plaintiff also alleges in Count II that all Defendants "recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters asserted." Complaint ¶ 326. Plaintiff further alleges that after notifying Defendants of inaccuracies, Defendants continued to issue and/or publish reports to third parties containing inaccurate information.

### a. *Defendants Capital One and Providian*

Using the same analysis as with the negligence cause of action, the court finds that Plaintiff cannot maintain a defamation claim against Defendants Capital One and Providian. Plaintiff is again barred by the language in §§ 1681s–2(a) and 1681h(e). His defamation claim that Defendants Capital One and Providian furnished false and inaccurate information with reckless disregard can only be pursued by governmental agencies or officials. For this reason, the Court GRANTS Defendants Capital One and Providian's motion to dismiss as to Count II.

### b. *Defendants Trans Union and CBOP*

■ Defendants Trans Union and CBOP joined in Defendants Capital One and Providian's argument that the defamation claim is preempted under the FCRA. For the same reasons as the negligence claim, this argument must fail. The FCRA claims against consumer reporting agencies specifically provide for a private cause of action against credit reporting agencies for allege inaccurate reporting. 15 U.S.C. § 1681e(b). The Court next applies § 1681h(e) in determining whether Plaintiff's defamation claim is preempted and finds that it is not. At this stage, Plaintiff has alleged that all Defendants acted recklessly, maliciously, and intentionally in disseminating false information.

■ Defendant Trans Union further argues that Plaintiff's defamation count fails to state a claim under Rule 12(b)(6). The standard for pleading a defamation claim requires that the complaint "set out the alleged libels and slanders, characterizing them as such" and "detailing how the statements were published and how they clearly referred to [the plaintiff]." *Williams v. Gorton,* 529 F.2d 668, 672 (9th Cir.1976). As Trans Union points out, the complaint does not allege any specific statements that were defamatory, but rather refers to information provided by Defendants as "inaccurate reportings" and "false and inaccurate information." Complaint ¶ ¶ 20, 220.

Here, at the pleadings stage, as opposed to the summary judgment stage, Plaintiff's allegation that the Defendants' conduct was "reckless" and "malicious" is sufficient to survive a motion to dismiss. Furthermore, Plaintiff's complaint listed the dates and disputes of numerous letters sent to the various consumer reporting agencies, how the statements were published in credit reports and how they referred to Plaintiff. Although the complaint did not provide which specific statements were false or precisely how his personal or business reputation was damaged, it appears that the elements necessary for the defamation cause of action are met. *New York Times Co. v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). Ordinarily a motion to dismiss should be disfavored, and doubts should be resolved in

favor of the pleader. *Pond v. General Electric Co.,* 256 F.2d 824, 826—27 (9th Cir.1958); *See* Wright & Miller, Federal Practice and Procedure: Civil § 1245 (1969). Defendants Trans Union and CBOP's motions to dismiss Count II are therefore DENIED.

## V.  CONCLUSION

For these reasons, the Defendants' motion to dismiss as to Count I (negligence) is GRANTED as to Defendants Capital One and Providian, and GRANTED as to Defendants Trans Union and CBOP with leave for Plaintiff to amend that portion of his complaint in accordance with this Order within 30 days from the date of filing; as to Count II (defamation) the motion to dismiss is GRANTED as to Defendants Capital One and Providian, and DENIED as to Defendants Trans Union and CBOP; and as to Count III (FCRA § 1681s–2(b)), the motion is GRANTED in part and DENIED in part—any allegations that Defendants Providian and Capital One, as furnishers of information, provided false information are dismissed, but Plaintiff may proceed on allegations that Defendants failed to comply with the investigation procedures in accordance with § 1681s–2(b).

IT IS SO ORDERED.