**Donel Avion REED, Plaintiff,**

v.

**EXPERIAN INFORMATION SOLUTIONS, INC., CSC Credit Services, Inc., Trans Union LLC, and Providian Financial Corporation d/b/a Providian National Bank, Defendants.**

**No. CIV.02–3706 DSD/JGL.**

United States District Court, D. Minnesota.

April 14, 2004.

Thomas J. Lyons, Esq. and Lyons & Associates, Little Canada, MN, for plaintiff.

Angela M. Taylor, Esq., D. Scott Kirkner, Esq. and Jones, Day, Irvine, CA,

Gregory J. Myers, Esq., William A. Gengler, Esq. and Lockridge, Grindal & Nauen, Minneapolis, MN, Charles F. Webber, Esq., Erik J. Girvan, Esq. Lianne Knych, Esq. and Faegre & Benson, Minneapolis, MN, G. John Cento, Esq. and Katz & Korin, Indianapolis, IN, Michael T. Browne, Esq. and Meagher & Geer, Minneapolis, MN, Monica L. Davies, Esq. Todd A. Noteboom, Esq. and Leonard, Street & Deinard, Minneapolis, MN, for defendants.

## ORDER

DOTY, District Judge.

This matter is before the court upon the motions for summary judgment of defendants Experian Information Solutions, Inc. ("Experian"), CSC Credit Services, Inc. ("CSC") and Providian Financial Corporation d/b/a Providian National Bank ("Providian"). For the following reasons, defendants' motions are granted.

## BACKGROUND

Experian and CSC are credit reporting agencies ("CRAs") as that phrase is defined in the Fair Credit Reporting Act of 1968 ("FCRA"), 15 U.S.C. §§ 1681, 1681a–1681u. Experian and CSC gather information about consumers from various sources, consolidate the information in a database and provide consumer credit history reports to creditors considering extending credit to a particular consumer. Providian issues consumer credit, primarily through credit cards. It is also a furnisher of credit information as that term is defined in FCRA.

In December 2001, Providian informed plaintiff that it was canceling his Providian Visa credit card because he was in bankruptcy. It is undisputed that plaintiff has never filed for bankruptcy. Plaintiff notified Providian at least three times by telephone and once by letter that he had not declared bankruptcy. (Goolsby Aff. Ex. E.)

Although plaintiff has never filed bankruptcy, his sister has. (Compl.Ex. 3.) It now appears that certain of her consumer credit information, including her bankruptcy, became mixed with plaintiff's account information. Plaintiff's name is Donel Reed. His sister's name is Donela Reed. Donel and Donela shared an address for a period of time. Their social security numbers are similar. Both had Providian credit card accounts at one time. Plaintiff's credit file and his sister's file had become mixed in the past. (Davies Aff. Ex. A., Reed Dep. at 155–57.) Additionally, plaintiff's true credit history, apart from problems with his sister's account, is less than perfect. He has been denied credit on previous occasions for reasons not related to this lawsuit. (Davies Aff. Ex. B at CSC00470; Reed Dep. at 130.)

Relative to this action, plaintiff was denied credit in February, March and July of 2002. In February, CitiFinancial declined plaintiff's application for credit in the amount of $7,500. It relied on a credit report from CSC that reported a bankruptcy relative to plaintiff's account with First National Bank. (Davies Aff. Ex. C, CitiFinancial Dep. Ex. A at 5–7.) The report showed the Providian account as current. In March, CIT Online Bank denied plaintiff's application for $1,100 credit to purchase a computer. (Reed Dep. at 99–104.) It relied on an Experian credit report which incorrectly showed an indication of bankruptcy on a First National Bank account. (Davies Aff. Ex. D, CIT Online Dep. at 21–22.) The credit report showed plaintiff's Providian account as current with no negative information. (*Id.*, Ex. 2 at 004.) Finally, in July 2002, Wells Fargo refused plaintiff's application for a loan. (Davies Aff., Ex. E.) The credit report upon which Wells Fargo relied did

not include any reference to the Providian account.

After being denied credit in March, plaintiff determined that some CRAs were incorrectly reporting that he was in bankruptcy. On March 29, 2002, plaintiff's attorney disputed plaintiff's credit reports to Experian and CSC, informing them that plaintiff had never declared bankruptcy. (Fogelman Aff. Ex. A.) Both Experian and CSC responded to the dispute by sending Automated Consumer Dispute Verification ("ACDV") forms to Providian. In an apparent miscommunication between Experian and Providian, Experian communicated both that the account was in bankruptcy and that the consumer disputed that the account belonged to him. (Smith Aff. Ex. C.) In response, Providian indicated that the account did belong to plaintiff and confirmed his name and address information. (Goolsby Aff. Ex. H at Part G.) Experian reported back to plaintiff that Providian had confirmed his account information. After further investigation, Experian deleted the bankruptcy notation from the public records portion of his credit report, but did not remove it from the Providian account information. When plaintiff again contacted Experian through his attorney, Experian initiated a second reinvestigation. (Smith Aff. Ex. D; Hughes Aff. ¶ 7.) In response to the second ACDV, Providian notified Experian that plaintiff's account had inadvertently picked up a bankruptcy notation that should be deleted. (Smith Aff. ¶ 6.) Experian immediately removed the bankruptcy notation. Only later did plaintiff's counsel contact counsel for Experian and inform her of plaintiff's sister's bankruptcy and their substantially similar file information. (Taylor Aff. ¶¶ 2, 3 & 8.)

After receiving plaintiff's initial dispute letter, CSC sent an ACDV to Providian on April 8, 2002. (Fogelman Aff. ¶¶ 12–14 & Ex. C.) CSC asked Providian to respond to the ACDV within seven days so that it could complete its reinvestigation in compliance with FCRA. (*Id.* ¶ 4.) When Providian did not respond within seven days, CSC deleted the Providian account from plaintiff's credit report. (*Id.* ¶¶ 15–16.) Providian responded soon thereafter, indicating that the "included in bankruptcy" notation should be changed to reflect "pays as agreed." (*Id.* Ex. C.) However, Providian's response also noted that the account was both "open and in good standing" and "closed at customer's request." (*Id.*) Therefore, CSC did not reinsert the deleted account in its report after receiving Providian's response. (*Id.* ¶ 17.)

The complaint alleges that Experian and CSC willfully and negligently failed to implement and follow reasonable reporting procedures as required by 15 U.S.C. § 1681e(b). (Compl. ¶¶ 59–60 & 72.) It also alleges that Experian and CSC negligently and willfully failed to investigate inaccuracies in plaintiff's credit reports in violation of 15 U.S.C. § 1681i.[1] (Compl. ¶¶ 61–62.) The complaint alleges that Providian willfully violated its duties under 15 U.S.C. §§ 1681s–2 and 1681i and impermissibly accessed his credit information in violation of 15 U.S.C. § 1681b(f). (Compl. ¶¶ 104 & 107.) Plaintiff asserts that he was denied credit, lost economic opportunities, suffered severe emotional distress and incurred legal expenses as a result of the alleged violations. He seeks compensatory damages, punitive damages, attorneys' fees, costs and injunctive relief. Defendants now move for summary judgment on all claims.

---

1. The complaint does not assert a § 1681i claim against CSC in the enumerated counts, but it does make that claim in its preliminary statement. (Compl. ¶ 12.) Plaintiff also argues extensively to that effect in his brief. (Pl.'s Mem. Opp'n Summ. J. at 19–20.)

## DISCUSSION

### I. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In order for the moving party to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed. R.Civ.P. 56(c)). A fact is material only when its resolution affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *See id.* at 252, 106 S.Ct. 2505.

On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party. *See id.* at 255, 106 S.Ct. 2505. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. *See Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. Moreover, if a plaintiff cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. *See id.* at 322–23, 106 S.Ct. 2548.

### II. Fair Credit Reporting Act Claims

#### A. The Claims

Under FCRA, CRAs are required to maintain reasonable procedures calculated to ensure "maximum possible accuracy" of consumer credit reports. 15 U.S.C. § 1681e(b). For plaintiff's § 1861e(b) claims to survive defendants' motions for summary judgment, he must present evidence that: (1) Experian and CSC negligently or willfully failed to follow reasonable procedures intended to assure the accuracy of their reports, (2) they reported inaccurate credit information about plaintiff, (3) plaintiff suffered harm, and (4) defendants' failure to follow reasonable procedures was the cause of that harm. *See Whelan v. Trans Union Credit Reporting Agency,* 862 F.Supp. 824, 829 (E.D.N.Y.1994). However, if Experian or CSC has willfully violated the Act, plaintiff may be entitled to statutory damages without a showing of actual damages. 15 U.S.C. § 1681n(a)(1)(A). He may also be entitled to punitive damages. 15 U.S.C. § 1681n(a)(2).

Once a consumer has disputed information contained in a CRA's credit report, the CRA is required to reinvestigate and confirm, correct or delete the disputed information. 15 U.S.C. § 1681i(a)(1)(A). The CRA must notify the furnisher of the disputed information of the substance of the dispute and provide it with all relevant information received from the consumer. 15 U.S.C. § 1681i(a)(2)(A) & (B). If the information is determined to be inaccurate, incomplete or unverifiable, the CRA must delete the information or otherwise appropriately modify the report. 15 U.S.C. § 1681i(a)(5)(A). Thus, to avoid summary judgment on this claim, plaintiff must present evidence that he disputed information in Experian's and CSC's reports and that they failed to reinvestigate the information, or failed to confirm, correct, modi-

fy or delete that information. *See Podell v. Citicorp Diners Club, Inc.*, 914 F.Supp. 1025, 1032 (S.D.N.Y.1996). Plaintiff must demonstrate that he has suffered harm as result of the negligence of Experian and CSC, or that he is entitled to statutory or punitive damages as a result of their willful misconduct. *See* 15 U.S.C. §§ 1681n & 1681o.

FCRA places similar duties on furnishers of credit information such as Providian. After a consumer's credit report has been disputed to a CRA, § 1681s–2(b) requires the furnisher of the disputed information to investigate the claim, report the results of its investigation to the reporting CRA and, if the disputed information is found to be incomplete or inaccurate, report that fact to any CRAs to which the furnisher has supplied the incorrect information. 15 U.S.C. § 1681s–2(b)(1). Therefore, to overcome Providian's motion for summary judgment, plaintiff must present evidence that Providian failed to comply with the provisions of § 1681s–2. Plaintiff must also present evidence of harm and causation, or willfulness entitling him to statutory or punitive damages.[2]

Plaintiff's final FCRA claim alleges Providian accessed his credit report for an improper purpose. Access to credit reports is generally limited to persons with written authorization from the consumer, persons seeking the information in connection with credit transactions involving the consumer and persons having a legitimate connection to a business transaction that was initiated by the consumer. 15 U.S.C. § 1681b(a)(2) & (3). Here, plaintiff must present evidence that Providian accessed his report negligently and without justification and that he was harmed thereby, or that Providian did so willfully, thereby entitling him to statutory or punitive damages under § 1681n.

This claim fails because plaintiff has offered no evidence showing that Providian accessed his credit report for an impermissible purpose. Pursuant to 15 U.S.C. §§ 1681b(a)(3)(A) and (F)(ii), creditors in Providian's position are permitted to obtain and review credit reports on current debtors such as plaintiff. Summary judgment is therefore appropriate as to that claim.

**B. Damages**

The remainder of plaintiff's FCRA claims fail for want of evidence of either harm or willful noncompliance with the Act. Plaintiff alleges in conclusory fashion that he has suffered credit denials, lost opportunity, emotional distress and pre-litigation attorneys' fees. Plaintiff further asserts that the alleged FCRA violations were willful. On that basis, he demands damages in excess of $500,000, plus attorneys' fees and costs. Because plaintiff fails to present any evidence of causation, actual damages or willful violations of the Act, summary judgment is appropriate.

**1. Actual Damages**

■ Plaintiff alleges actual damages including denials of credit, lost opportunities resulting from his decision not to apply for credit, pre-litigation attorneys' fees and emotional distress. Plaintiff was denied credit by CitiFinancial on February 10, 2002. Although CitiFinancial obtained a CSC credit report in conjunction with plaintiff's application, the uncontroverted record indicates that CitiFinancial disregarded the bankruptcy notation and denied plaintiff's application for other reasons. (Girvin Aff. Ex. G at 31–32.) Plaintiff was simply not qualified for the loan. (*Id.* at 38–40.) The erroneous notation on the CSC credit report could not

---

**2.** Violations of 15 U.S.C. § 1681b(f) entitle aggrieved consumers to the greater of their

actual damages or $1,000. *See* 15 U.S.C. § 1681n(a)(1)(B).

have been a substantial factor in the denial of credit. *See Richardson v. Fleet Bank of Mass.,* 190 F.Supp.2d 81, 88 (D.Mass.2001) (requiring showing that erroneous report was a substantial factor in the denial of credit).

■ Plaintiff's application to CIT Online Bank was denied on March 14, 2002. The evidence indicates that the credit report reviewed by CIT Online Bank reflected the Providian account as "current". (Davies Aff. Ex. D at 21–22.) Therefore, neither Experian, CSC nor Providian can be said to have caused the CIT Online Bank denial. Further, plaintiff did not dispute the Experian and CSC credit reports until March 29, 2002. A CRA cannot be held liable for a denial of credit occurring before it has been put on notice that its report is disputed. *See Casella v. Equifax Credit Information Svcs.,* 56 F.3d 469, 474 (2d Cir.1995).

The final credit denial occurred in July 2002, when Wells Fargo Bank declined to lend plaintiff approximately $4,200. However, the credit report upon which Wells Fargo relied showed plaintiff's Providian account in good standing. (Davies Aff. Ex. E.) Therefore, plaintiff has failed to show that the disputed entry caused any of the credit denials in question.

■ Plaintiff also claims that he suffered lost economic opportunities, because he chose not to apply for credit while the dispute was being resolved. (Reed Dep. at 289.) The court agrees with those courts holding that such damages are not recoverable under FCRA. *See Philbin v. Trans Union Corp.,* 101 F.3d 957, 963 n. 3 (3d Cir.1996); *Casella,* 56 F.3d at 474–75. *Contra Lawrence v. Trans Union LLC,* 296 F.Supp.2d 582, 588–89 (E.D.Pa.2003). Further, plaintiff has presented no evidence that, but for the erroneous bankruptcy notation, he would have sought and obtained additional or more favorable credit. Mere speculation is not evidence

of actual damages. *See Casella,* 56 F.3d at 475.

■ Pre-litigation attorneys' fees are not the sort of harm contemplated by the statute. While FCRA permits recovery of attorneys' fees and costs expended enforcing the Act, letters notifying CRAs and furnishers of a consumer's dispute are not expenses incurred enforcing the statute. *See id.* at 474. Because plaintiff has failed to show a violation, the fees were not expended to enforce FCRA.

■ Plaintiff also alleges that he has suffered "severe emotional distress." (Compl. ¶¶ 64, 74 & 108.) In federal causes of action, claims of emotional distress generally "must be supported by evidence of a genuine injury, such as evidence of the injured party's conduct and the observations of others." *See Cousin v. Trans Union,* 246 F.3d 359, 371 (5th Cir. 2001) (citing *Carey v. Piphus,* 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978)). The Fifth Circuit reached the same conclusion regarding emotional distress claims in discrimination cases. *See id.* (citing *Patterson v. P.H.P. Healthcare Corp.,* 90 F.3d 927, 938 (5th Cir.1996)). The Eighth Circuit Court of Appeals has held that emotional distress claims "must be supported by competent evidence of genuine injury." *Forshee v. Waterloo Indus., Inc.,* 178 F.3d 527, 531 (8th Cir.1999) (considering viability of emotional distress claims in the context of Title VII). Plaintiff's evidence consists of his vague testimony that "it's not a good feeling," that he is "emotional" and "pissed about the whole thing." (Reed Dep. at 302–06.) This is just the kind of evidence the Eighth Circuit deemed inadequate in *Forshee. See id.* at 531. Plaintiff has not presented evidence of a genuine injury caused by defendants' wrongful conduct. In sum, plaintiff has not shown that he has suffered any actual damages that

were caused by defendants' alleged misconduct.

### 2. Statutory and Punitive Damages

Plaintiff claims that he is also entitled to statutory and punitive damages because each defendant willfully violated one or more provisions of the Act. FCRA permits aggrieved consumers to seek statutory and punitive damages against "[a]ny person who willfully fails to comply" with its provisions. 15 U.S.C. § 1681n(a)(1)(A) & (B). Plaintiff asserts that Experian willfully failed to employ reasonable procedures and to properly respond to his dispute (1) by not requiring absolute matching on all account data prior to notification of the dispute, (2) by submitting an improper inquiry to Providian once Experian was notified of the dispute and, (3) by accepting Providian's assurances of accuracy. He alleges that CSC willfully violated § 1681e(b) by allowing a single trade line to reflect a bankruptcy when none of his other accounts included that information.[3] Plaintiff also argues that Experian and CSC willfully violated the Act by deleting the Providian trade line from his credit report in response to their reinvestigations, rather than modifying the erroneous information. Finally, plaintiff asserts that Providian willfully failed to investigate, review and report in the manner required by 15 U.S.C. § 1681s–2(b).

Under FCRA, a CRA or furnisher willfully fails to comply when it "knowingly and intentionally commit[s] an act in conscious disregard for the rights of others." *Stevenson v. TRW Inc.*, 987 F.2d 288, 293 (5th Cir.1993) (quoting *Pinner v. Schmidt*, 805 F.2d 1258, 1263 (5th Cir. 1986)). Courts have generally found willful violations in cases where CRAs have intentionally misled consumers or concealed information from them. *See Cousin v. Trans Union Corp.*, 246 F.3d 359, 372 (5th Cir.2001). That is not the case here. Moreover, the failure to delete erroneous information after receipt of notice by the consumer and even the reinsertion of incorrect information after it had previously been deleted have been found to fall short of the knowing and intentional disregard standard. *See Philbin*, 101 F.3d at 970; *Casella*, 56 F.3d at 476.

Here, plaintiff simply alleges that defendants procedures were unreasonable and therefore violated the Act. Taken to its logical conclusion, his argument would permit statutory and punitive damages in every FCRA case, which is not the intent of the statute. Because plaintiff has presented no evidence that defendants acted with a conscious disregard of his rights, he is not entitled to statutory or punitive damages under 15 U.S.C. § 1681n.

Because plaintiff has failed to present any evidence that he suffered actual harm entitling him to compensatory damages or that defendants willfully violated any provision of the Act so as to entitle him to statutory and punitive damages, his FCRA claims fail as a matter of law. Summary judgment on those claims is therefore granted.

### III. Common Law Claims

Plaintiff brings state law claims of credit defamation against Experian, CSC and Providian. (Compl. ¶¶ 68, 78 & 112.) He also brings claims of invasion of privacy, interference with credit expectancy and negligence against Providian. (Compl. ¶¶ 115, 119–22 & 126.) FCRA preempts state law defamation, invasion of privacy

---

**3.** Plaintiff also complains that CSC acted unreasonably when it gave Providian less than thirty days in which to respond to CSC's inquiry following plaintiff's dispute of the bankruptcy. Because CRAs require reasonable time to process responses from furnishers of information, this assertion is without merit.

and negligence claims against CRAs and furnishers of information except in cases of malice or willful intent to injure the consumer.[4] 15 U.S.C. § 1681h(e); *Gordon v. Greenpoint Credit*, 266 F.Supp.2d 1007, 1012 (S.D.Iowa 2003); *Yutesler v. Sears Roebuck & Co.*, 263 F.Supp.2d 1209, 1211 (D.Minn.2003).[5] The malice or willful intent to injure contemplated by § 1681h(e) is of a higher degree than that which supports a claim of statutory or punitive damages under § 1681n. *See Pinner*, 805 F.2d at 1263 (no showing of malice or evil motive is necessary to satisfy willfulness requirement of § 1681n). Because defendants' conduct did not rise to the lesser degree of willfulness found in § 1681n, it necessarily falls short of the malicious or willful intent to injure standard required to avoid § 1681h(e) immunity. Therefore, plaintiff's claims of defamation against Experian, CSC and Providian are preempted, as are his claims of invasion of privacy and negligence against Providian.

Plaintiff's final claim alleges that Providian interfered with his credit expectancy. While Minnesota does not recognize a cause of action for interference with credit expectancy, courts have read such claims as pleading interference with economic expectancy, which is recognized in Minnesota. *See Mattice v. Equifax*, 2003 WL 21391679, at *4 (D.Minn. June 13, 2003). However, *Mattice* was decided on defendant's motion to dismiss and the court simply held that plaintiff had stated a cognizable claim. *See id.* at *4. Here, construing plaintiff's claim as interference with economic expectancy does not save it from summary judgment, because plaintiff fails to present evidence of harm and causation, which are essential elements of the claim. *See H. Enterprises Int'l., Inc. v. General Elec. Capital Corp.*, 833 F.Supp. 1405, 1418 (D.Minn.1993) (citing *Gits v. Norwest Bank Minneapolis*, 390 N.W.2d 835, 837 (Minn.Ct.App.1986)). Therefore, summary judgment in favor of Providian is also granted as to this claim.

## CONCLUSION

For the reasons stated, **IT IS HEREBY ORDERED** that defendants' motions for summary judgment [Doc. No. 50, 57 & 63] are granted. **LET JUDGMENT BE ENTERED ACCORDINGLY.**

---

**4.** 15 U.S.C. § 1681t(b)(1)(F) generally preempts state law pertaining to matters regulated under § 1681s–2. *See Gordon v. Greenpoint Credit*, 266 F.Supp.2d 1007, 1012 (S.D.Iowa 2003); *Yutesler v. Sears Roebuck & Co.*, 263 F.Supp.2d 1209, 1211 (D.Minn. 2003.) However, the court agrees with those courts holding that § 1681t does not trump § 1681h(e), which allows for state claims based on malice or willful intent to injure. *See* 15 U.S.C. 1681h(e); *Thornton v. Equifax, Inc.*, 619 F.2d 700, 703 (8th Cir.1980).

**5.** *Gordon* and *Yutesler* were decided on motions to dismiss. *See Gordon*, 266 F.Supp.2d at 1008; *Yutesler*, 263 F.Supp.2d at 1209. In those cases, the court found the complaint sufficiently alleged malice and stated a cognizable claim. Here, plaintiff has alleged malice but now fails to present evidence supporting that claim in response to defendants' motions. Therefore, summary judgment is appropriate.